

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

August 4, 2026

By ACMS

The Honorable Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   United States v. Robinson
           Docket No. 25-1428

Dear Ms. Wolfe:

The government respectfully submits this letter pursuant to Fed. R. App. P.28(j) to direct the Court to the Fourth Circuit's recent decision in *United States v. Belmonte Cardozo*, No. 25-4239, 2026 WL 2014649 (4th Cir. July 13, 2026).

In *Belmonte Cardozo*, the Fourth Circuit held "that manual searches of cell phones at the border are routine and thus do not require individualized suspicion." 2026 WL 2014649, at *1. In doing so, the Fourth Circuit recognized that every circuit court "to have considered the issue has reached the same result." *Id.* at *7.

The *Belmonte Cardozo* Court provided multiple reasons supporting its holding, explaining that (1) "a person does the looking in a manual search; (2) the breadth of the searches is different; (3) a manual search sees only what a user can access on a device; and (4) a manual search is subject to an officer's fading memory or imperfect notes." *Id.* The Court also recognized the "government's interest in interdicting

digital contraband when it crosses the border on a smartphone or other device." *Id*. at \*5. Further, the Court explained that "even if individualized suspicion were required . . . suppression would not be appropriate" based upon law enforcement's "good faith reliance on the established and uniform body of precedent that allows suspicionless manual searches of cell phones at the border." *Id*. at \*7 n.9.

*Belmonte Cardozo*, which also involved a manual search of a cell phone at the border and the discovery of child pornography, squarely aligns with this case and the questions presented. *Id*. at \*1. The same rationale provided by the *Belmonte Cardozo* Court applies here, where a customs officer conducted a brief, manual search of Robinson's iPhone and discovered child sexual abuse material. The district court wrongly held that a manual search of a cell phone conducted at the border required a search warrant or individualized suspicion and that law enforcement did not act in good faith.

For the reasons discussed in the government's submission and at oral argument, the Court should vacate the district court's decision.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: _____ /s/ _____
Amy Busa,
Gilbert M. Rein,
Assistant U.S. Attorneys

2